MARC J. WINTHROP – State Bar No. 63218
mwinthrop@winthropcouchot.com
GARRICK A. HOLLANDER – State Bar No. 166316
ghollander@winthropcouchot.com
KAVITA GUPTA – State Bar No. 138505
kgupta@winthropcouchot.com
**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

[Proposed] General Insolvency Counsel for
Debtor and Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>5TH AVENUE PARTNERS, LLC,<br>a California limited liability company,<br><br>Debtor and<br>Debtor-in-Possession. | Case No. 8:10-bk-18667-ES<br><br>Chapter 11 Proceeding<br><br>**DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING PAYMENT OF PRE-PETITION WORKERS' COMPENSATION INSURANCE PREMIUMS; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION IN SUPPORT THEREOF**<br><br>DATE: [To Be Set]<br>TIME: [To Be Set]<br>CTRM: 5A |

5th Avenue Partners, LLC, a California limited liability company, dba Sè San Diego Hotel, the debtor and debtor-in-possession herein, hereby moves ("Motion") the Court, on an emergency basis, for an order granting the following relief:

A. Authorizing the Debtor to pay pre-petition workers compensation insurance premiums in the amount of $24,193 owed to Travelers' Casualty and Surety Company of America ("Travelers"); and

B. Such additional relief as the Court deems just and proper.

This motion is made on the basis of the Declaration of Steven Rebeil ("Rebeil Declaration"), the within points and authorities, and on such other evidence as the Court elects to consider prior to or at the hearing on this matter.

DATED: July 20 2010

**WINTHROP COUCHOT PROFESSIONAL CORPORATION**

By: /s/ Kavita Gupta
Marc J. Winthrop
Garrick A. Hollander
Kavita Gupta
[Proposed] General Insolvency Counsel for Debtor and Debtor-in-Possession

# I.

# SUMMARY OF MOTION AND THE NEED FOR EMERGENCY RELIEF

The Debtor owns and operates the Sè San Diego Hotel, a 184-room premier luxury boutique hotel located in downtown San Diego's financial district ("Hotel"). The day-to-day operations of the Hotel are managed by Sè San Diego, LLC (Sè San Diego), a third-party management firm, pursuant to the terms of a management contract with the Debtor. Although Sè San Diego employs the 224 person staff that works at the Hotel and is the policy holder under the workers compensation insurance policy issued by Travelers, under California law, the Debtor is considered a "co-employer." Accordingly, the Debtor is obligated to provide and pay for workers' compensation insurance for the benefit of this staff as of the June 25, 2010 petition date (the "Petition Date") as if they were employees of the estate.

This Motion is filed on an emergency basis because Travelers has advised the Debtor that it will terminate the workers' compensation policy covering the Debtor's employees unless the Debtor immediately pays $24,193.00, the outstanding pre-petition amounts due under that policy. Since the Debtor cannot operate the Hotel or Entertainment Facility without its workforce, and since this workforce must have workers compensation coverage under California law, the relief proposed herein is critically important to the Debtor's continued operations. Therefore, the Debtor seeks to pay the pre-petition workers' compensation insurance premium under the Necessity of Payment Doctrine.

# II.

# STATEMENT OF FACTS

## A. The Debtor.

The Debtor owns and operates the Hotel, a premier luxury boutique hotel located in downtown San Diego's financial district. The Hotel offers 184 guestrooms, including 37 suites and three penthouse suites, a 5,500-square foot spa, one restaurant, a rooftop bar and lounge, approximately 20,000 square feet of banquet space and meeting rooms, a rooftop outdoor pool, and a fitness center. Within the Hotel structure are 23 unsold condominium units. The Debtor also owns a 31,000 square foot building adjacent to the Hotel, which is home to San Diego's

House of Blues. In addition to being the landlord of House of Blues San Diego, LLC ("House of Blues"), the Debtor also is a party to a profit participation agreement with House of Blues, whereby they share 50% of all profits generated by House of Blues. The Debtor currently employs approximately 224 persons.

**B. The Workers' Compensation Insurance Policy.**

Under California law, an employer is required to provide its employees with workers' compensation insurance to cover them for injuries that occur at work. Cal. Lab. Code § 3700. An employer may either purchase workers' compensation insurance from a licensed broker or opt for self insurance if it is authorized to do so by the California Department of Industrial Relations. Id. Failure to provide workers' compensation insurance will subject an employer to fines and/or imprisonment in county jail. Cal. Lab. Code § 3700.5.

The Hotel is a service oriented business enterprise that requires a staff of employees to serve the needs of numerous guests each month. The day-to-day operations of the Hotel are managed by Se San Diego, a third-party management firm owned by the Debtor. On or about December 1, 2009, Sè San Diego obtained a workers' compensation insurance policy from Travelers, the relevant portions of which are attached as Exhibit "1" to the Rebeil Declaration. Although Sè San Diego employs the 224 person staff that works at the Hotel and is the policyholder under the workers' compensation insurance policy issued by Travelers, under California law, the Debtor is considered a "co-employer" and therefore, a "co-obligor" under the policy. Accordingly, as a "co-employer" under Cal. Lab. Code § 3700, the Debtor must provide for workers' compensation insurance to staff as if they were direct employees of the estate or face fines and/or criminal liability. Since the Petition Date, the Debtor's insurance broker has spoken to numerous insurance companies regarding obtaining a new workers' compensation policy, all of whom have advised the insurance broker that any new policy would be substantially more expensive than its current policy. Accordingly, the Debtor believes that its current workers' compensation policy with Travelers is at or below market.

The Debtor has included the amount of the pre-petition workers' compensation premiums as a line item to the revised cash flow budget attached as Exhibit "1" to the Declaration of Steven

Rebeil in support of the Supplement to Motion for Use of Cash Collateral [Docket No. 38]. The Debtor believes in good faith that the secured lender will not object to the payment of this necessary expense.

**III.**

**RELIEF IS JUSTIFIED ON AN EMERGENCY BASIS**

The Debtor cannot operate the Hotel without providing workers' compensation insurance for its employees. Since the Debtor is not necessarily a party to the workers' compensation policy that is past due (although is obligated under California law to provide workers' compensation insurance), the Debtor is concerned that the policy will be cancelled. The Debtor is unable to obtain workers compensation insurance. Accordingly, the Debtor is concerned that unless the Debtor obtains immediate authorization to pay the pre-petition arrearages under the workers' compensation policy, the Debtor will be without insurance, thereby subjecting the estate to fines under Cal. Lab. Code § 3700.5 and additional claims if any of the Debtor's employees are injured.

**IV.**

**THE PROPOSED PAYMENTS ARE AUTHORIZED**

**UNDER THE "NECESSITY OF PAYMENT" DOCTRINE.**

"[T]he paramount policy and goal of chapter 11, to which all other bankruptcy policies are subordinated, is the rehabilitation of the debtor." In re Ionosphere Clubs, Inc. and Eastern Airlines, 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989). "The fundamental purpose of reorganization is to prevent the debtor from going into liquidation, with an attendant loss of jobs and possible misuse of economic resources." Id. at 177 (quoting NLRB v. Bildisco & Bildisco, 465 U.S. 513, 528, 104 S.Ct. 1188 (1984)). This paramount policy of rehabilitation, upon occasion, necessitates the retention of certain pre-petition accounts, post-petition, particularly where this will avoid a material disruption to the debtor's business enterprise. This is exactly the case on the facts here. Accordingly, ample authority exists under this doctrine, and under 11 U.S.C. § 105 to justify this relief.

Where business exigencies exist, courts have exercised their equitable power under Bankruptcy Code § 105(a) to authorize debtor to pay prepetition claims of particular creditors.

In re Ionosphere Clubs, Inc., 98 B.R. 174 (Bankr. S.D.N.Y. 1989). Courts have labeled this power the "Necessity of Payment Doctrine." The United States Supreme Court first articulated the "necessity of payment doctrine" over a century ago in a railroad bankruptcy when it stated that "[m]any circumstances may exist which may make it necessary and indispensable to the business of the road and the preservation of the property, for the receiver to pay pre-existing debts...." Miltenberger v. Logansport, 106 U.S. 286, 1 S.Ct. 140, 27 L.Ed. 117 (1882). While this doctrine was not codified in the Bankruptcy Code, courts have used their equitable power under section 105(a) of the Code to authorize the payment of pre-petition claims when such payment is deemed necessary to the survival of a debtor in a chapter 11 reorganization.

The "Necessity of Payment Doctrine" empowers a court to authorize a debtor to pay prepetition claims essential to continued operations. Id. at 175-76, *citing* Miltenberger v. Logansport, C. & S. W. R. Co., 106 U.S. 286 (1982):

> The "necessity of payment" doctrine permits immediate payment of claims of creditors where those creditors will not supply services or materials essential to the conduct of the business until their pre-reorganization claims have been paid.

Ionosphere Clubs, 98 B.R. at 176, *quoting* In re Leigh and New England Railway Company, 657 F.2d 570, 581 (3rd Cir. 1981). This doctrine applies in all Chapter 11 cases because "the rationale for the necessity of payment rule, i.e., facilitating the continued operation and rehabilitation of the debtor . . . is . . . a paramount goal of Chapter 11." Ionosphere Clubs, 98 B.R. at 176, *citing* Dudley v. Mealey, 147 F.2d 268 (2d Cir. 1945) *cert. denied* 325 U.S. 873 (1945). Therefore, where continued operation and rehabilitation of a debtor require payment of certain pre-petition debt, the court may authorize such payment under Bankruptcy Code § 105(a).

This doctrine was recognized by the Ninth Circuit in In re Adams Apple, Inc., 829 F.2d 1484 (9th Cir. 1987):

> [A]nother "fundamental tenet"--rehabilitation of debtors, which may supersede the policy of equal treatment. Cases have permitted unequal treatment of pre-petition debts when necessary for rehabilitation, in such contexts as (i) pre-petition wages to key employees; (ii) hospital malpractice premiums incurred prior to filing; (iii) debts to providers of unique and irreplaceable supplies; and (iv) peripheral benefits under labor contracts. *See* Ordin, Case Comment, In re Texlon Corporation, 596 F.2d 1092 (2d Cir.1979): Finality of Order of Bankruptcy Court, 54 Amer.Bankr.L.J. 173, 177 (1980). ... [I]t illustrates a

> Congressional willingness to subordinate the interests of pre-petition creditors to the goal of rehabilitation.

Adams Apple, 829 F.2d at 1490.

Courts have consistently authorized the payment of certain pre-petition debts in the absence of a plan of reorganization, where such payments create "the greatest likelihood of payment of creditors in full or at least proportionately." See Columbia Gas, 171 B.R. 190, 191-92 (Bankr. D. Del. 1994); In re Lehigh & New England Ry. Co., 657 F. 2d 570, 581 (3rd Cir. 1981); Ionosphere Club, 98 B.R. 175 (Bankr. S.D.N.Y. 1989). In re Structurlite Plastics Corp., (Structurlite I) 86 B.R. 922, 932 (Bankr. S.D. Ohio 1988), *citing* In re Chateaugay Corp., 80 Bankr. 279, 287 (S.D.N.Y. 1987); *See also* In re Columbia Packing Co., 35 Bankr. 447 (Bankr. D. Mass. 1983).

The Necessity Doctrine has been utilized to justify payment to various creditors whose ongoing services are essential to the reorganization. This doctrine is discussed by the Court in In re UNR Industries, Inc., 143 B.R. 506 (Bankr. N.D. Ill. 1992)[1].

> The purpose of the Necessity Doctrine is to facilitate a debtor's effective reorganization and continued operations. In re Quality Interiors, Inc., 127 B.R. 391, 396 (Bankr.N.D.Ohio 1991); In re Eagle-Picher Industries, Inc., 124 B.R. 1021, 1023 (Bankr.S.D.Ohio 1991); In re Ionosphere Clubs, Inc., 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989) (discussing the "necessity of payment" rule, a predecessor to the Necessity Doctrine). UNR is correct in asserting that the Necessity Doctrine may be used to permit a debtor to pay the pre-petition claims of suppliers or employees whose continued cooperation is essential to the debtor's successful reorganization. The Necessity Doctrine may also be used, however, to justify post-petition payment of a wide variety of other types of pre-petition claims, as long as payment of those claims will help to "stabilize [the] debtor's business relationships without significantly hurting any party." Russell A. Eisenberg and Frances F. Gecker, The Doctrine of Necessity and Its Parameters, 73 MARQ.L.REV. 1, 2 (1989).

Id at 519-520.

In In re James A. Phillips, Inc., 29 B.R. 391, 394 (S.D.N.Y. 1983), the district court recognized the "special status" of suppliers holding unstayed lien rights, and authorized the debtor to pay their claims in the ordinary course of their business activities. *See also* In re Dave Naoke, Inc., 45 B.R. 555 (Bankr. D. Vt. 1984) (rejecting a challenge under § 549 to postpetition payments

---

[1] *Reversed on other grounds* 173 B.R. 149 (N.D.Ill. 1994).

made to creditor holding lien rights under local law). Similarly, one former bankruptcy judge recognized that when "confronted with special circumstances . . . particularly in the early stages of the case, a court may preserve the potential for rehabilitation." Ordin, Finality of Order of Bankruptcy Court, 54 Am. Bankr. L.J. 173 (1980).

The bankruptcy court for the Southern District of Texas authorized Continental Airlines corporation ("Continental"), a debtor in possession, to pay approximately $4 million in prepetition obligations owed to Continental's foreign creditors. Continental urged that such action was necessary "to maintain a continued and uninterrupted flow of repair and maintenance services, supplies and necessaries in order to meet their current operating needs and thereby continue their foreign airline business operations." In re Continental Airlines Corporation, et al., Order dated September 29, 1983. Chapter 11 Case No. 83-0419-H2-5 (Bankr. S.D. Tex. 1983).

Accordingly, the Court has authority under 11 U.S.C. § 105 to grant the relief requested herein.

## V.

## NOTICE OF THE MOTION IS APPROPRIATE UNDER THE FACTS AND CIRCUMSTANCES OF THIS CASE

The Debtor has served a copy of this Motion on its secured creditors, the unsecured creditors holding the 20 largest claims against the Debtor, and the Office of the United States Trustee. The Debtor respectfully submits that such notice is appropriate and comports with the requirements of the Federal Rules of Bankruptcy Procedure ("FRBP") and the Local Bankruptcy Rules ("LBR"). See, Rule 2002 of the FRBP; Rule 9006(c) of the FRBP; Rule 9075-1(a) of the LBR.

VI.

**CONCLUSION**

Based upon the foregoing, the Debtor respectfully requests that this Court grant the relief herein requested.

DATED: July 20, 2010

**WINTHROP COUCHOT PROFESSIONAL CORPORATION**

By: /s/ Kavita Gupta
Marc J. Winthrop
Garrick A. Hollander
Kavita Gupta
[Proposed] General Insolvency Counsel for Debtor and Debtor-in-Possession

**DECLARATION OF STEVEN REBEIL**

I, Steven Rebeil, hereby declare and state as follows:

1. I am the Managing Member of Diegan, LLC, a California limited liability company ("Diegan").[2] Diegan is the Managing Member of 5th Avenue Partners, LLC, a California limited liability company, dba Sè San Diego Hotel, the debtor and debtor-in-possession in the above Chapter 11 proceeding ("Debtor"), and have been responsible for overseeing the day-to-day operations and financial performance of the Debtor. Consequently, I am involved in supervising all aspects of the Debtor's financial and business affairs since its inception.

2. The facts stated herein are within my personal knowledge, and if called upon to testify to such facts I could and would testify competently thereto.

3. The Debtor owns and operates the Hotel, a premier luxury boutique hotel located in downtown San Diego's financial district. The Hotel offers 184 guestrooms, including 37 suites and three penthouse suites, a 5,500-square foot spa, one restaurant, a rooftop bar and lounge, approximately 20,000 square feet of banquet space and meeting rooms, a rooftop outdoor pool, and a fitness center. Within the Hotel structure are 23 unsold condominium units. The Debtor also owns a 31,000 square foot building adjacent to the Hotel, which is home to San Diego's House of Blues. In addition to being the landlord of House of Blues San Diego, LLC ("House of Blues"), the Debtor also is a party to a profit participation agreement with House of Blues, whereby they share 50% of all profits generated by House of Blues. The Debtor currently employs approximately 224 persons.

4. The Hotel is a service oriented business enterprise that requires a staff of employees to serve the needs of numerous guests each month. The day-to-day operations of the Hotel are managed by Se San Diego, a third-party management firm owned by the Debtor. On or about December 1, 2009, Sè San Diego obtained a workers' compensation insurance policy from Travelers, the relevant portions of which are attached hereto as Exhibit "1." Although Sè San Diego employs the 224 person staff that works at the Hotel and is the policyholder under the workers' compensation insurance policy issued by Travelers, under California law, the Debtor is

[2] Capitalized terms used herein but otherwise not defined shall have the meanings set forth in the Motion.

considered a "co-employer" and therefore, a "co-obligor" under the policy. Accordingly, as a "co-employer" under Cal. Lab. Code § 3700, the Debtor must provide for workers' compensation insurance to the staff as if they were direct employees of the estate or face fines and/or criminal liability. Since the Petition Date, the Debtor's insurance broker has spoken to numerous insurance companies regarding obtaining a new workers' compensation policy, all of whom have advised the insurance broker that any new policy would be substantially more expensive than its current policy. Accordingly, the Debtor believes that its current workers' compensation policy with Travelers is at or below market.

5. The Debtor has included the amount of the pre-petition workers' compensation premiums as a line item to the revised cash flow budget attached as Exhibit "1" to the Declaration of Steven Rebeil in support of the Supplement to Motion for Use of Cash Collateral [Docket No. 38]. The Debtor believes in good faith that the secured lender will not object to the payment of the pre-petition premiums.

6. I believe that the hearing is justified on an emergency basis because the Debtor cannot operate the Hotel without providing workers' compensation insurance for its employees. While the Debtor is obligated under California law to provide workers' compensation insurance, it is not necessarily a party. The Debtor is concerned that unless the Debtor obtains immediate authorization to pay the pre-petition arrearages under its workers' compensation policy, the Debtor could not only face fines under Cal. Lab. Code § 3700.5, the estate would be exposed to liability if any of its employees are injured.

I declare that the foregoing is true and correct under the penalty of perjury.

Executed this 20 day of July 2010, in Newport Beach, California.

Steven Rebeil

# EXHIBIT "1"

TRAVELERS

**WORKERS COMPENSATION
AND
EMPLOYERS LIABILITY POLICY**

**TYPE** V **INFORMATION PAGE WC 00 00 01 ( A)**

**POLICY NUMBER:** (PACRUB-8931M54-A-09)
RENEWAL OF (PACRUB-8931M54-A-08)

**INSURER:** TRAVELERS CASUALTY AND SURETY COMPANY

**NCCI CO CODE:** 11223

**1.**

**INSURED:**
SE SAN DIEGO HOTEL, LLC
1111 6TH AVENUE, SUITE 402
SAN DIEGO CA 92101

**PRODUCER:**
MARSH USA-NEWPORT BEACH
4695 MACARTHUR CT STE 700
NEWPORT BEACH CA 92660-1860

Insured is A LIMITED LIABILITY COMPANY

Other work places and identification numbers are shown in the schedule(s) attached.

**2.** The policy period is from 12-01-09 to 12-01-10 12:01 A.M. at the insured's mailing address.

**3. A. WORKERS COMPENSATION INSURANCE:** Part One of the policy applies to the Workers Compensation Law of the state(s) listed here:

CA

**B. EMPLOYERS LIABILITY INSURANCE:** Part Two of the policy applies to work in each state listed in item 3.A. The limits of our liability under Part Two are:

| | | | |
|---|---|---|---|
| Bodily Injury by Accident: | $ | 1000000 | Each Accident |
| Bodily Injury by Disease: | $ | 1000000 | Policy Limit |
| Bodily Injury by Disease: | $ | 1000000 | Each Employee |

**C. OTHER STATES INSURANCE:** Part Three of the policy applies to the states, if any, listed here:

AL AR AZ CO CT DC DE FL GA HI IA ID IL IN KS KY LA MA MD ME MI MN
MO MS MT NC NE NH NJ NM NV NY OK OR PA RI SC SD TN TX UT VA VT WI
WV

**D.** This policy includes these endorsements and schedules:

SEE LISTING OF ENDORSEMENTS - EXTENSION OF INFO PAGE

**4.** The premium for this policy will be determined by our Manuals of Rules, Classifications, Rates and Rating Plans. All required information is subject to verification and change by audit to be made ANNUALLY.

**DATE OF ISSUE:** 12-01-09 SL
**OFFICE:** DIAMOND BAR 189
**PRODUCER:** MARSH USA-NEWPORT BEACH HK599

018787

TRAVELERS

**WORKERS COMPENSATION
AND
EMPLOYERS LIABILITY POLICY**

**TYPE V INFORMATION PAGE WC 00 00 01 ( A)**

POLICY NUMBER: (PACRUB-8931M54-A-09)

**CLASSIFICATION SCHEDULE:**

| CLASSIFICATIONS | CODE NO | PREMIUM BASIS ESTIMATED TOTAL ANNUAL REMUNERATION | RATES PER $100 OF REMUNERATION | ESTIMATED ANNUAL PREMIUM |
|---|---|---|---|---|

SEE EXTENSION OF INFORMATION PAGE - SCHEDULE(S)

**SIC-CODE:** 7011

---

| | | STANDARD |
|---|---|---|
| TOTAL ESTIMATED ANNUAL STANDARD PREMIUM | $ | 118021 |
| PREMIUM DISCOUNT | | 4249 |
| 0900-04 EXPENSE CONSTANT | | 185 |
| TERRORISM | | 1132 |
| TOTAL ESTIMATED PREMIUM | | 115089 |
| TAXES AND SURCHARGES | | 4810 |
| DEPOSIT AMOUNT DUE | | 11998 |

**Minimum Premium:** $ 793
OTHER MINIMUMS ARE INDICATED ON THE APPLICABLE SCHEDULE(S)

DATE OF ISSUE: 12-01-09 SL
OFFICE: DIAMOND BAR 189
PRODUCER: MARSH USA-NEWPORT BEACH HK599

COUNTERSIGNED-AGENT

TRAVELERS

**WORKERS COMPENSATION
AND
EMPLOYERS LIABILITY POLICY**

EXTENSION OF INFO PAGE-SCHEDULE WC 00 00 01 ( A)

POLICY NUMBER: (PACRUB-8931M54-A-09)

INSURER: TRAVELERS CASUALTY AND SURETY COMPANY

11223-CA

INSURED'S NAME: SE SAN DIEGO HOTEL, LLC

| CLASSIFICATION | CODE | PREMIUM BASIS ESTIMATED TOTAL ANNUAL REMUNERATION | RATES PER $100 OF REMUNERATION | ESTIMATED ANNUAL PREMIUM |
|---|---|---|---|---|
| LOCATION 001 01 | | | | |
| FEIN 263853750 ENTITY CD 001 | | | | |
| SE SAN DIEGO HOTEL, LLC | | | | |
| 1047 FIFTH AVENUE<br>SAN DIEGO, CA 92101 | | | | |
| FEIN 332102525 ENTITY CD 002 | | | | |
| SETAI WEST HOTEL MANAGEMENT, LLC | | | | |
| 1047 FIFTH AVENUE<br>SAN DIEGO, CA 92101 | | | | |
| BLANKET WAIVER OF SUBROGATION SEE ENDT. WC 99 03 76 (00)-001 | 0930 | IF ANY | .05 | 250 |
| SALESPERSONS-OUTSIDE | 8742 | 446936 | .74 | 3307 |
| CLERICAL OFFICE EMPLOYEES NOC | 8810 | 473361 | .62 | 2935 |
| HOTELS-ALL EMPLOYEES. WHEN LODGING IS PROVIDED BY THE EMPLOYER, THE TOTAL REMUNERATION SHALL INCLUDE THE MARKET VALUE OF SUCH LODGING TO THE EMPLOYEE | 9050 | 1796376 | 6.91 | 124130 |

DATE OF ISSUE: 12-01-09 SL

SCHEDULE NO: 1 OF MORE

018788

TRAVELERS

**WORKERS COMPENSATION
AND
EMPLOYERS LIABILITY POLICY**

EXTENSION OF INFO PAGE-SCHEDULE WC 00 00 01 ( A)

POLICY NUMBER: (PACRUB-8931M54-A-09)

| CLASSIFICATION | CODE | PREMIUM BASIS ESTIMATED TOTAL ANNUAL REMUNERATION | RATES PER $100 OF REMUNERATION | ESTIMATED ANNUAL PREMIUM |
|---|---|---|---|---|
| LOCATION 001 01 (CONT'D) | | | | |
| RESTAURANTS OR TAVERNS-ALL EMPLOYEES-INCLUDING MUSICIANS AND ENTERTAINERS-N.P.D. | 9079 | 1057577 | 4.06 | 42938 |

CA MANUAL PREMIUM $ 173310

---

| | | |
|---|---|---|
| EXPERIENCE MODIFICATION: NONE MODIFIED PREMIUM | $ | NONE |
| 32.00% SCHEDULE CREDIT (9887) | | 55539 |
| TOTAL ESTIMATED ANNUAL STANDARD PREMIUM | | 118021 |
| 3.60% PREMIUM DISCOUNT(0064) | | 4249 |
| EXPENSE CONSTANT(0900) | | 185 |
| TERRORISM (9740) | | 1132 |
| 2.00% CIGA SURCHARGE | | 2301 |
| 2.18% CA USER / FRAUD / UEBT / SIBT / OSHF | | 2509 |
| TOTAL ESTIMATED PREMIUM | | 119899 |
| DEPOSIT AMOUNT DUE | | 119899 |

DATE OF ISSUE: 12-01-09 SL

SCHEDULE NO: 2 OF LAST

TRAVELERS

**WORKERS COMPENSATION
AND
EMPLOYERS LIABILITY POLICY**

**ENDORSEMENT WC 00 00 01 (A )**

POLICY NUMBER: (PACRUB-8931M54-A-09)

**LISTING OF ENDORSEMENTS
EXTENSION OF INFO PAGE**

We agree that the following listed endorsements form a part of this policy on its effective date.

| | |
|---|---|
| WC 00 00 01 A - 001 | INFORMATION PAGE |
| WC 00 00 01 A - 001 | INFORMATION PAGE 2 |
| WC 00 00 01 A - 001 | EXTENSION OF INFORMATION PAGE - SCHEDULE |
| WC 00 00 01 A - 001 | ENDORSEMENT LISTING |
| WC 00 04 22 A - 001 | TERRORISM-REAUTHORIZATION ACT DISCLOSURE |
| WC 99 03 A6 00 - 001 | CA POLICY AMENDATORY ENDORSEMENT |
| WC 99 03 F3 00 - 001 | CA LIMITS OF LIABILITY ENDT |
| WC 99 03 76 00 - 001 | WAIVER TO RECOVER ENDT - CA |
| WC 99 03 99 00 - 001 | CA WORKERS' COMP NOTICE OF NON-RENEWAL |
| WC 00 04 21 C - 001 | CATASTROPHE (O/T CERT. ACTS OF TERR)ENDT |
| WC 99 04 08 00 - 001 | PREMIUM DISCOUNT ENDORSEMENT |
| WC 04 03 05 00 - 001 | VOL COMP & EMPLOYERS LIAB COV ENDT. |
| WC 04 03 17 00 - 001 | ENDT AGRMNT LIMITING & RESTRICTING INS |
| WC 04 03 60 A - 001 | CA-EMPLOYERS LIAB COV AMENDATORY ENDT |
| WC 04 04 07 00 - 001 | PREMIUM ADJUSTMENT ENDORSEMENT - CA |
| WC 04 06 01 A - 001 | CA CANCELATION ENDT |

DATE OF ISSUE: 12-01-09 ST ASSIGN: Page 1 of LAST

018789

# The Travelers Insurance Companies

(Each a Stock Insurance Company)

Hartford, Connecticut

## WORKERS COMPENSATION AND EMPLOYERS LIABILITY INSURANCE POLICY

In return for the payment of the premium and subject to all terms of this policy, we agree with you as follows:

### GENERAL SECTION

**A. The Policy**

This policy includes at its effective date the Information Page and all endorsements and schedules listed there. It is a contract of insurance between you (the employer named in Item 1 of the Information Page) and us (the insurer named on the Information Page). The only agreements relating to this insurance are stated in this policy. The terms of this policy may not be changed or waived except by endorsement issued by us to be part of this policy.

**B. Who Is Insured**

You are insured if you are an employer named in Item 1 of the Information Page. If that employer is a partnership, and if you are one of its partners, you are insured, but only in your capacity as an employer of the partnership's employees.

**C. Workers Compensation Law**

Workers Compensation Law means the workers or workmen's compensation law and occupational disease law of each state or territory named in Item 3.A. of the Information Page. It includes any amendments to that law which are in effect during the policy period. It does not include any federal workers or workmen's compensation law, any federal occupational disease law or the provisions of any law that provide nonoccupational disability benefits.

**D. State**

State means any state of the United States of America, and the District of Columbia.

**E. Locations**

This policy covers all of your workplaces listed in Items 1 or 4 of the Information Page; and it covers all other workplaces in Item 3.A. states unless you have other insurance or are self-insured for such workplaces.

### PART ONE – WORKERS COMPENSATION INSURANCE

**A. How This Insurance Applies**

This workers compensation insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. Bodily injury by accident must occur during the policy period.
2. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

**B. We Will Pay**

We will pay promptly when due the benefits required of you by the workers compensation law.

**C. We Will Defend**

We have the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance. We have the right to investigate and settle these claims, proceedings or suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance.

**D. We Will Also Pay**

We will also pay these costs, in addition to other amounts payable under this insurance, as part of any claim, proceeding or suit we defend:

1. reasonable expenses incurred at our request, but not loss of earnings;
2. premiums for bonds to release attachments and for appeal bonds in bond amounts up to the amount payable under this insurance;
3. litigation costs taxed against you;
4. interest on a judgment as required by law until we offer the amount due under this insurance; and
5. expenses we incur.

**E. Other Insurance**

We will not pay more than our share of benefits and costs covered by this insurance and other insurance or self-insurance. Subject to any limits of liability that may apply, all shares will be equal until the loss is paid. If any insurance or self-insurance is exhausted, the shares of all remaining insurance will be equal until the loss is paid.

**F. Payments You Must Make**

You are responsible for any payments in excess of the benefits regularly provided by the workers compensation law including those required because:

1. of your serious and willful misconduct;
2. you knowingly employ an employee in violation of law;
3. you fail to comply with a health or safety law or regulation; or
4. you discharge, coerce or otherwise discriminate against any employee in violation of the workers compensation law.

If we make any payments in excess of the benefits regularly provided by the workers compensation law on your behalf, you will reimburse us promptly.

018790

**G. Recovery From Others**

We have your rights, and the rights of persons entitled to the benefits of this insurance, to recover our payments from anyone liable for the injury. You will do everything necessary to protect those rights for us and to help us enforce them.

**H. Statutory Provisions**

These statements apply where they are required by law.

1. As between an injured worker and us, we have notice of the injury when you have notice.
2. Your default or the bankruptcy or insolvency of you or your estate will not relieve us of our duties under this insurance after an injury occurs.
3. We are directly and primarily liable to any person entitled to the benefits payable by this insurance. Those persons may enforce our duties; so may an agency authorized by law. Enforcement may be against us or against you and us.
4. Jurisdiction over you is jurisdiction over us for purposes of the workers compensation law. We are bound by decisions against you under that law, subject to the provisions of this policy that are not in conflict with that law.
5. This insurance conforms to the parts of the workers compensation law that apply to:
   a. benefits payable by this insurance;
   b. special taxes, payments into security or other special funds, and assessments payable by us under that law.
6. Terms of this insurance that conflict with the workers compensation law are changed by this statement to conform to that law.

Nothing in these paragraphs relieves you of your duties under this policy.

## PART TWO – EMPLOYERS LIABILITY INSURANCE

**A. How This Insurance Applies**

This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. The bodily injury must arise out of and in the course of the injured employee's employment by you.
2. The employment must be necessary or incidental to your work in a state or territory listed in Item 3.A. of the Information Page.
3. Bodily injury by accident must occur during the policy period.
4. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.
5. If you are sued, the original suit and any related legal actions for damages for bodily injury by accident or by disease must be brought in the United States of America, its territories or possessions, or Canada.

**B. We Will Pay**

We will pay all sums you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.

The damages we will pay, where recovery is permitted by law, include damages:

1. for which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against such third party as a result of injury to your employee;
2. for care and loss of services; and
3. for consequential bodily injury to a spouse, child, parent, brother or sister of the injured employee;

provided that these damages are the direct consequence of bodily injury that arises out of and in the course of the injured employee's employment by you; and

4. because of bodily injury to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

**C. Exclusions**

This insurance does not cover:

1. liability assumed under a contract. This exclusion does not apply to a warranty that your work will be done in a workmanlike manner;
2. punitive or exemplary damages because of bodily injury to an employee employed in violation of law;
3. bodily injury to an employee while employed in violation of law with your actual knowledge or the actual knowledge of any of your executive officers;
4. any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law;
5. bodily injury intentionally caused or aggravated by you;
6. bodily injury occurring outside the United States of America, its territories or possessions, and Canada. This exclusion does not apply to bodily injury to a citizen or resident of the United States of America or Canada who is temporarily outside these countries;
7. damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, or any personnel practices, policies, acts or omissions.
8. bodily injury to any person in work subject to the Longshore and Harbor Workers' Compensation Act (33 USC Sections 901-950), the Nonappropriated Fund Instrumentalities Act (5 USC Sections 8171-8173), the Outer Continental Shelf Lands Act (43 USC Sections 1331-1356), the Defense Base Act (42 USC Sections 1651-1654), the Federal Coal Mine Health and Safety Act of 1969 (30 USC Sections 901-942), any other federal workers or workmen's compensation law or other federal occupational disease law, or any amendments to these laws.

9. bodily injury to any person in work subject to the Federal Employers' Liability Act (45 USC Sections 51-60), any other federal laws obligating an employer to pay damages to an employee due to bodily injury arising out of or in the course of employment, or any amendments to those laws.
10. bodily injury to a master or member of the crew of any vessel.
11. fines or penalties imposed for violation of federal or state law.
12. damages payable under the Migrant and Seasonal Agricultural Worker Protection Act (29 USC Sections 1801-1872) and under any other federal law awarding damages for violation of those laws or regulations issued thereunder, and any amendments to those laws.

**D. We Will Defend**

We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance. We have no duty to defend or continue defending after we have paid our applicable limit of liability under this insurance.

**E. We Will Also Pay**

We will also pay these costs, in addition to other amounts payable under this insurance, as part of any claim, proceeding or suit we defend:

1. reasonable expenses incurred at our request, but not loss of earnings;
2. premiums for bonds to release attachments and for appeal bonds in bond amounts up to the limit of our liability under this insurance;
3. litigation costs taxed against you;
4. interest on a judgement as required by law until we offer the amount due under this insurance; and
5. expenses we incur.

**F. Other Insurance**

We will not pay more than our share of damages and costs covered by this insurance and other insurance or self-insurance. Subject to any limits of liability that apply, all shares will be equal until the loss is paid. If any insurance or self-insurance is exhausted, the shares of all remaining insurance and self-insurance will be equal until the loss is paid.

**G. Limits of Liability**

Our liability to pay for damages is limited. Our limits of liability are shown in Item 3.B. of the Information Page. They apply as explained below:

1. Bodily Injury by Accident. The limit shown for "bodily injury by accident – each accident" is the most we will pay for all damages covered by this insurance because of bodily injury to one or more employees in any one accident.

   A disease is not bodily injury by accident unless it results directly from bodily injury by accident.
2. Bodily Injury by Disease. The limit shown for "bodily injury by disease – policy limit" is the most we will pay for all damages covered by this insurance and arising out of bodily injury by disease, regardless of the number of employees who sustain bodily injury by disease. The limit shown for "bodily injury by disease – each employee" is the most we will pay for all damages because of bodily injury by disease to any one employee.

   Bodily injury by disease does not include disease that results directly from a bodily injury by accident.
3. We will not pay any claims for damages after we have paid the applicable limit of our liability under this insurance.

**H. Recovery From Others**

We have your rights to recover our payment from anyone liable for an injury covered by this insurance. You will do everything necessary to protect those rights for us and to help us enforce them.

**I. Actions Against Us**

There will be no right of action against us under this insurance unless:

1. You have complied with all the terms of this policy; and
2. The amount you owe has been determined with our consent or by actual trial and final judgement.

This insurance does not give anyone the right to add us as a defendant in an action against you to determine your liability. The bankruptcy or insolvency of you or your estate will not relieve us of our obligations under this Part.

## PART THREE – OTHER STATES INSURANCE

**A. How This Insurance Applies**

1. This other states insurance applies only if one or more states are shown in Item 3.C. of the Information Page.
2. If you begin work in any one of those states after the effective date of this policy and are not insured or are not self-insured for such work, all provisions of the policy will apply as though that state were listed in Item 3.A. of the Information Page.
3. We will reimburse you for the benefits required by the workers compensation law of that state if we are not permitted to pay the benefits directly to persons entitled to them.
4. If you have work on the effective date of this policy in any state not listed in Item 3.A. of the Information Page, coverage will not be afforded for that state unless we are notified within thirty days.

**B. Notice**

Tell us at once if you begin work in any state listed in Item 3.C. of the Information Page.

## PART FOUR – YOUR DUTIES IF INJURY OCCURS

Tell us at once if injury occurs that may be covered by this policy. Your other duties are listed here.

1. Provide for immediate medical and other services required by the workers compensation law.
2. Give us or our agent the names and addresses of the injured persons and of witnesses, and other information we may need.
3. Promptly give us all notices, demands and legal papers related to the injury, claim, proceeding or suit.
4. Cooperate with us and assist us, as we may request, in the investigation, settlement or defense of any claim, proceeding or suit.
5. Do nothing after an injury occurs that would interfere with our right to recover from others.
6. Do not voluntarily make payments, assume obligations or incur expenses, except at your own cost.

## PART FIVE – PREMIUM

**A. Our Manuals**

All premium for this policy will be determined by our manuals of rules, rates, rating plans and classifications. We may change our manuals and apply the changes to this policy if authorized by law or a governmental agency regulating this insurance.

**B. Classifications**

Item 4 of the Information Page shows the rate and premium basis for certain business or work classifications. These classifications were assigned based on an estimate of the exposures you would have during the policy period. If your actual exposures are not properly described by those classifications, we will assign proper classifications, rates and premium basis by endorsement to this policy.

**C. Remuneration**

Premium for each work classification is determined by multiplying a rate times a premium basis. Remuneration is the most common premium basis. This premium basis includes payroll and all other remuneration paid or payable during the policy period for the services of:

1. All your officers and employees engaged in work covered by this policy; and
2. All other persons engaged in work that could make us liable under Part One (Workers Compensation Insurance) of this policy. If you do not have payroll records for these persons, the contract price for their services and materials may be used as the premium basis. This paragraph 2 will not apply if you give us proof that the employers of these persons lawfully secured their workers compensation obligations.

**D. Premium Payments**

You will pay all premium when due. You will pay the premium even if part or all of a workers compensation law is not valid.

**E. Final Premium**

The premium shown on the Information Page, schedules, and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy. If the final premium is more than the premium you paid to us, you must pay us the balance. If it is less, we will refund the balance to you. The final premium will not be less than the highest minimum premium for the classifications covered by this policy.

If this policy is canceled, final premium will be determined in the following way unless our manuals provide otherwise:

1. If we cancel, final premium will be calculated pro rata based on the time this policy was in force. Final premium will not be less than the pro rata share of the minimum premium.
2. If you cancel, final premium will be more than pro rata; it will be based on the time this policy was in force, and increased by our short-rate cancellation table and procedure. Final premium will not be less than the minimum premium.

**F. Records**

You will keep records of information needed to compute premium. You will provide us with copies of those records when we ask for them.

**G. Audit**

You will let us examine and audit all your records that relate to this policy. These records include ledgers, journals, registers, vouchers, contracts, tax reports, payroll and disbursement records, and programs for storing and retrieving data. We may conduct the audits during regular business hours during the policy period and within three years after the policy period ends. Information developed by audit will be used to determine final premium. Insurance rate service organizations have the same rights we have under this provision.

## PART SIX – CONDITIONS

**A. Inspection**

We have the right, but are not obliged to inspect your workplaces at any time. Our inspections are not safety inspections. They relate only to the insurability of the workplaces and the premiums to be charged. We may give you reports on the conditions we find. We may also recommend changes. While they may help reduce losses, we do not undertake to perform the duty of any person to provide for the health or safety of your employees or the public. We do not warrant that your workplaces are safe or healthful or that they comply with laws, regulations, codes or standards. Insurance rate service organizations have the same rights we have under this provision.

**B. Long Term Policy**

If the policy period is longer than one year and sixteen days, all provisions of this policy will apply as though a new policy were issued on each annual anniversary that this policy is in force.

**C. Transfer of Your Rights and Duties**

Your rights or duties under this policy may not be transferred without our written consent.

If you die and we receive notice within thirty days after your death, we will cover your legal representative as insured.

**D. Cancelation**

1. You may cancel this policy. You must mail or deliver advance written notice to us stating when the cancellation is to take effect.
2. We may cancel this policy. We must mail or deliver to you not less than ten days advance written notice stating when the cancellation is to take effect. Mailing that notice to you at your mailing address shown in Item 1 of the Information Page will be sufficient to prove notice.
3. The policy period will end on the day and hour stated in the cancellation notice.
4. Any of these provisions that conflict with a law that controls the cancellation of the insurance in this policy is changed by this statement to comply with the law.

**E. Sole Representative**

The insured first named in Item 1 of the Information Page will act on behalf of all insureds to change this policy, receive return premium, and give or receive notice of cancellation.

**In witness whereof, the company has caused this policy to be signed by its President and Secretary at Hartford, Connecticut and countersigned on the Information page by a duly authorized agent of the company.**

Wendy C. Shapiro
*Secretary*

Brian MacLean
*President*

**WC 00 00 00 (A)**

TRAVELERS

WORKERS COMPENSATION
AND
EMPLOYERS LIABILITY POLICY

ENDORSEMENT WC 00 04 22 ( A)

POLICY NUMBER: (PACRUB-8931M54-A-09)

# TERRORISM RISK INSURANCE PROGRAM REAUTHORIZATION ACT DISCLOSURE ENDORSEMENT

This endorsement addresses the requirements of the Terrorism Risk Insurance Act of 2002 as amended and extended by the Terrorism Risk Insurance Program Reauthorization Act of 2007. It serves to notify you of certain limitations under the Act, and that your insurance carrier is charging premium for losses that may occur in the event of an Act of Terrorism.

Your policy provides coverage for workers compensation losses caused by Acts of Terrorism, including workers compensation benefit obligations dictated by state law. Coverage for such losses is still subject to all terms, definitions, exclusions, and conditions in your policy, and any applicable federal and/or state laws, rules, or regulations.

**Definitions**

The definitions provided in this endorsement are based on and have the same meaning as the definitions in the Act. If words or phrases not defined in this endorsement are defined in the Act, the definitions in the Act will apply.

"Act" means the Terrorism Risk Insurance Act of 2002, which took effect on November 26, 2002, and any amendments thereto resulting from the Terrorism Risk Insurance Program Reauthorization Act of 2007.

"Act of Terrorism" means any act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State, and the Attorney General of the United States as meeting all of the following requirements:

a. The act is an act of terrorism.

b. The act is violent or dangerous to human life, property or infrastructure.

c. The act resulted in damage within the United States, or outside of the United States in the case of the premises of United States missions or certain air carriers or vessels.

d. The act has been committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

"Insured Loss" means any loss resulting from an act of terrorism (and, except for Pennsylvania, including an act of war, in the case of workers compensation) that is covered by primary or excess property and casualty insurance issued by an insurer if the loss occurs in the United States or at the premises of United States missions or to certain air carriers or vessels.

"Insurer Deductible" means, for the period beginning on January 1, 2008, and ending on December 31, 2014, an amount equal to 20% of our direct earned premiums, over the calendar year immediately preceding the applicable Program Year.

"Program Year" refers to each calendar year between January 1, 2008 and December 31, 2014, as applicable.

**Limitation of Liability**

The Act limits our liability to you under this policy. If aggregate Insured Losses exceed $100,000,000,000 in a Program Year and if we have met our Insurer Deductible, we are not liable for the payment of any portion of the amount of Insured Losses that exceeds $100,000,000,000; and for aggregate Insured Losses up to $100,000,000,000, we will pay only a pro rata share of such Insured Losses as determined by the Secretary of the Treasury.

DATE OF ISSUE: 12-01-09 ST ASSIGN:



018793

TRAVELERS

**WORKERS COMPENSATION**
**AND**
**EMPLOYERS LIABILITY POLICY**

**ENDORSEMENT WC 00 04 22 ( A)**

POLICY NUMBER: (PACRUB-8931M54-A-09)

**Policyholder Disclosure Notice**

1. Insured Losses would be partially reimbursed by the United States Government. If the aggregate industry Insured Losses exceed $100,000,000 in a Program Year, the United States Government would pay 85% of our Insured Losses that exceed our Insurer Deductible.
2. Notwithstanding item 1 above, the United States Government will not make any payment under the Act for any portion of Insured Losses that exceed $100,000,000,000.
3. The premium charge for the coverage your policy provides for Insured Losses is included in the amount shown in Item 4 of the Information Page or in the Schedule below.

**Schedule**

| State | Rate | Premium |
|---|---|---|

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective Policy No. Endorsement No.
Insured Premium $

Insurance Company Countersigned by ______________________________

DATE OF ISSUE: 12-01-09 ST ASSIGN: Page 2 of 2

TRAVELERS

WORKERS COMPENSATION
AND
EMPLOYERS LIABILITY POLICY
ENDORSEMENT WC 99 03 A6 (00)

POLICY NUMBER: (PACRUB-8931M54-A-09)

# POLICY AMENDATORY ENDORSEMENT - CALIFORNIA

It is agreed that, anything in the policy to the contrary notwithstanding, such insurance as is afforded by this policy by reason of the designation of California in Item 3 of the Information Page is subject to the following provisions:

1. **Minors Illegally Employed-Not Insured.** This policy does not cover liability for additional compensation imposed on you under Section 4557, Division IV, Labor Code of the State of California, by reason of injury to an employee under sixteen years of age and illegally employed at the time of injury.
2. **Punitive or Exemplary Damages-Uninsurable.** This policy does not cover punitive or exemplary damages where insurance of liability therefore is prohibited by law or contrary to public policy.
3. **Increase in Indemnity Payments-Reimbursement.** You are obligated to reimburse us for the amount of increase in indemnity payments made pursuant to Subdivision (d) of Section 4650 of the California Labor Code, if the late indemnity payment which gives rise to the increase in the amount of payment is due less than seven (7) days after we receive the completed claim form from you. You are obligated to reimburse us for any increase in indemnity payments not covered under this policy and will reimburse us for any increase in indemnity payment not covered under the policy when the aggregate total amount of the reimbursement payments paid in a policy year exceeds one hundred dollars ($100).

   If we notify you in writing, within 30 days of the payment, that you are obligated to reimburse us, we will bill you for the amount of increase in indemnity payment and collect it no later than the final audit. You will have 60 days, following notice of the obligation to reimburse, to appeal the decision of the insurer to the Department of Insurance.
4. **Application of Policy.** Part One, "Workers Compensation Insurance", A, "How This Insurance Applies", is amended to read as follows:

   This workers compensation insurance applies to bodily injury by accident or disease, including death resulting therefrom. Bodily injury by accident must occur during the policy period. Bodily injury by disease must be caused or aggravated by the conditions of your employment. Your employee's exposure to those conditions causing or aggravating such bodily injury by disease must occur during the policy period.
5. **Rate Changes.** The premium and rates with respect to the insurance provided by this policy by reason of the designation of California in Item 3 of the Information Page are subject to change if ordered by the Insurance Commissioner of the State of California pursuant to Section 11737 of the California Insurance Code.
6. **Long Term Policy.** If this policy is written for a period longer than one year, all the provisions of this policy shall apply separately to each consecutive twelve-month period, or, if the first or last consecutive period is less than twelve months, to such period of less than twelve months, in the same manner as if a separate policy had been written for each consecutive period.
7. **Statutory Provision.** Your employee has a first lien upon any amount which becomes owing to you by us on account of this policy, and in the case of your legal incapacity or inability to receive the money and pay it to the claimant, we will pay it directly to the claimant.

It is further agreed that this policy, including all endorsements forming a part thereof, constitutes the entire contract of insurance. No condition, provision, agreement, or understanding not set forth in this policy or such endorsements shall affect such contract or any rights, duties, or privileges arising therefrom.

TRAVELERS

**WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY**
**ENDORSEMENT WC 99 03 A6 (00)**

POLICY NUMBER: (PACRUB-8931M54-A-09)

Applicable to and forming part of Policy No. ______________________

Issued by the ______________________

To ______________________ of ______________________

Dated at ______________________ this ______________ day of ______________________, 20____

Countersigned ______________________

TRAVELERS

**WORKERS COMPENSATION**
**AND**
**EMPLOYERS LIABILITY INSURANCE POLICY**
**ENDORSEMENT WC 99 03 F3 (00)**

POLICY NUMBER: (PACRUB-8931M54-A-09)

# CALIFORNIA LIMITS OF LIABILITY ENDORSEMENT

This endorsement applies only to the insurance provided by the policy because California is shown in Item 3.A. of the Information Page.

The limits of our liability under Part Two of the policy are:

| | | |
|---|---|---|
| Bodily Injury by Accident | $1,000,000 | or the amount shown in Item 3.B. of the Information Page, whichever is greater, each accident |
| Bodily Injury by Disease | $1,000,000 | or the amount shown in Item 3.B. of the Information Page, whichever is greater, policy limit |
| Bodily Injury by Disease | $1,000,000 | or the amount shown in Item 3.B. of the Information Page, whichever is greater, each employee |

This change applies to the insurance this policy provides for California operations only.

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective Policy No. Endorsement No.

Insured Premium $

Insurance Company Countersigned by ______________________________

DATE OF ISSUE: 12-01-09 ST ASSIGN: **Page 1 of 1**

018795

TRAVELERS

WORKERS COMPENSATION
AND
EMPLOYERS LIABILITY POLICY

ENDORSEMENT WC 99 03 76 (00) — 001

POLICY NUMBER: (PACRUB-8931M54-A-09)

# WAIVER OF OUR RIGHT TO RECOVER FROM OTHERS ENDORSEMENT - CALIFORNIA (BLANKET WAIVER)

We have the right to recover our payments from anyone liable for an injury covered by this policy. We will not enforce our right against the person or organization named in the Schedule.

You must maintain payroll records accurately segregating the remuneration of your employees while engaged in the work described in the Schedule.

The additional premium for this endorsement shall be 5 .0 % of the California workers' compensation premium otherwise due on such remuneration.

**Schedule**

| Person or Organization | Job Description |
| --- | --- |
| ANY PERSON OR ORGANIZATION FOR WHICH THE NAMED INSURED HAS AGREED IN A WRITTEN CONTRACT EXECUTED PRIOR TO LOSS TO PROVIDE THIS WAIVER. | |

DATE OF ISSUE: 12-01-09 ST ASSIGN:

TRAVELERS

**WORKERS COMPENSATION
AND
EMPLOYERS LIABILITY POLICY**

**ENDORSEMENT WC 99 03 99 (00)**

POLICY NUMBER: (PACRUB-8931M54-A-09)

# CALIFORNIA WORKERS' COMPENSATION NOTICE OF NON-RENEWAL

Section 11664 of the California Insurance Code which becomes operative November 30, 1994 requires us in most instances to provide you with a notice of non-renewal. Except as specified in paragraphs 1 through 6 below, if we elect to non-renew your policy, we are required to deliver or mail to you a written notice stating the reason or reasons for the non-renewal of the policy. The notice is required to be sent to you no earlier than 120 days before the end of the policy period and no later than 30 days before the end of the policy period. If we fail to provide you the required notice, we are required to continue the coverage under the policy with no change in the premium rate until 60 days after we provide you with the required notice.

We are not required to provide you with a notice of non-renewal in any of the following situations:

1. Your policy was transferred or renewed without a change in its terms or conditions or the rate on which the premium is based to another insurer or other insurers who are members of the same insurance group as us.
2. The policy was extended for 90 days or less and the required notice was given prior to the extension.
3. You obtained replacement coverage or agreed, in writing, within 60 days of the termination of the policy, to obtain that coverage.
4. The policy is for a period of no more than 60 days and you were notified at the time of issuance that it may not be renewed.
5. You requested a change in the terms or conditions or risks covered by the policy within 60 days prior to the end of the policy period.
6. We made a written offer to you at least 30 days, but not more than 120 days, prior to the end of the policy period to renew the policy at a changed premium rate.

DATE OF ISSUE: 12-01-09 ST ASSIGN:



018796

TRAVELERS

WORKERS COMPENSATION
AND
EMPLOYERS LIABILITY POLICY

ENDORSEMENT WC 00 04 21 ( C)

POLICY NUMBER: (PACRUB-8931M54-A-09)

# CATASTROPHE (OTHER THAN CERTIFIED ACTS OF TERRORISM) PREMIUM ENDORSEMENT

This endorsement is notification that your insurance carrier is charging premium to cover the losses that may occur in the event of a Catastrophe (other than Certified Acts of Terrorism) as that term is defined below. Your policy provides coverage for workers compensation losses caused by a Catastrophe (other than Certified Acts of Terrorism). This premium charge does not provide funding for Certified Acts of Terrorism contemplated under the Terrorism Risk Insurance Program Reauthorization Act Disclosure Endorsement (WC 00 04 22 A), attached to this policy.

For purposes of this endorsement, the following definitions apply:

- Catastrophe (other than Certified Acts of Terrorism): Any single event, resulting from an Earthquake, Noncertified Act of Terrorism, or Catastrophic Industrial Accident, which results in aggregate workers compensation losses in excess of $50 million.
- Earthquake: The shaking and vibration at the surface of the earth resulting from underground movement along a fault plane or from volcanic activity.
- Noncertified Act of Terrorism: An event that is not certified as an Act of Terrorism by the Secretary of Treasury pursuant to the Terrorism Risk Insurance Act of 2002 (as amended) but that meets all of the following criteria:
  - **a.** It is an act that is violent or dangerous to human life, property, or infrastructure;
  - **b.** The act results in damage within the United States, or outside of the United States in the case of the premises of United States missions or air carriers or vessels as those terms are defined in the Terrorism Risk Insurance Act of 2002 (as amended); and
  - **c.** It is an act that has been committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.
- Catastrophic Industrial Accident: A chemical release, large explosion, or small blast that is localized in nature and affects workers in a small perimeter the size of a building.

The premium charge for the coverage your policy provides for workers compensation losses caused by a Catastrophe (other than Certified Acts of Terrorism) is shown in Item 4 of the Information Page or in the Schedule below.

**Schedule**

| State | Rate | Premium |
|---|---|---|

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective Policy No. Endorsement No.
Insured Premium $

Insurance Company Countersigned by ______________________

DATE OF ISSUE: 12-01-09 ST ASSIGN: Page 1 of 1

TRAVELERS

**WORKERS COMPENSATION
AND
EMPLOYERS LIABILITY POLICY
ENDORSEMENT WC 99 04 08 (00)**

POLICY NUMBER: (PACRUB-8931M54-A-09)

# PREMIUM DISCOUNT ENDORSEMENT

The premium for the state and other states, if any, listed in item 3.A of the Information Page may be eligible for a discount. The final calculation of premium discount will be determined by our manuals and your premium as determined by audit. Premium subject to retrospective rating is not subject to premium discount.

OTHER POLICIES:

DATE OF ISSUE: 12-01-09 ST ASSIGN:

018797

TRAVELERS

**WORKERS COMPENSATION
AND
EMPLOYERS LIABILITY POLICY**

**ENDORSEMENT WC 04 03 05 (00)** – 001

POLICY NUMBER: (PACRUB-8931M54-A-09)

# VOLUNTARY COMPENSATION AND EMPLOYERS LIABILITY COVERAGE ENDORSEMENT - CALIFORNIA

If the employer named in item 1 of the Information Page has in his employment persons not entitled to compensation under Division 4 of the Labor Code of the State of California, this policy shall operate as an election on the part of the employer to come under the compensation provisions of Division 4 with respect to those persons described in the Schedule below.

This policy applies to those persons described in the Schedule below as employees.

**SCHEDULE**

ALL EMPLOYEES NOT SUBJECT TO THE WORKERS COMPENSATION LAW.

DATE OF ISSUE: 12-01-09 ST ASSIGN:

TRAVELERS

**WORKERS COMPENSATION
AND
EMPLOYERS LIABILITY POLICY**

**ENDORSEMENT WC 04 03 17 (00)**

POLICY NUMBER: (PACRUB-8931M54-A-09)

## ENDORSEMENT AGREEMENT LIMITING AND RESTRICTING THIS INSURANCE

**Employee Insured by General Employer Excluded**

The insurance under this policy is limited as follows:

It is AGREED that, anything in this policy to the contrary notwithstanding, this policy DOES NOT INSURE:

**NO LIABILITY FOR EMPLOYEE INSURED BY GENERAL EMPLOYER**

Any liability you may have as the special employer of an employee who is not on your payroll at the time of injury, based upon your representation that: (1) you have entered into a valid and enforceable agreement pursuant to Labor Code Section 3602 (d) with the employee's general employer under which the general employer agrees to secure the payment of compensation for such employee and (2) the general employer has obtained workers' compensation coverage for the employee.

**FAILURE TO SECURE THE PAYMENT OF FULL COMPENSATION BENEFITS FOR ALL EMPLOYEES AS REQUIRED BY LABOR CODE SECTION 3700 IS A VIOLATION OF LAW AND MAY SUBJECT THE EMPLOYER TO THE IMPOSITION OF A WORK STOP ORDER, LARGE FINES, AND OTHER SUBSTANTIAL PENALTIES (Labor Code Section 3710.1, et seq.).**

**By signature below, you affirm that, with respect to any employee who is also the employee of a general employer, (1) you have entered into a valid and enforceable agreement pursuant to Labor Code Section 3602(d) with the employee's general employer under which the general employer agrees to secure the payment of compensation for such employee and (2) the general employer has obtained workers' compensation coverage for the employee.**

Countersigned By ______________________________

This endorsement changes the policy to which it is attached and is effective on the date issued unless otherwise stated.

**(The information below is required only when this endorsement is issued subsequent to preparation of the policy.)**

Endorsement Effective Policy No. Endorsement No.

Insured

Insurance Company Countersigned by ______________________________

018798

TRAVELERS

WORKERS COMPENSATION
AND
EMPLOYERS LIABILITY POLICY
ENDORSEMENT WC 04 03 60 ( A)

POLICY NUMBER: (PACRUB-8931M54-A-09)

# EMPLOYERS' LIABILITY COVERAGE AMENDATORY ENDORSEMENT – CALIFORNIA

The insurance afforded by Part Two (Employers' Liability Insurance) by reason of designation of California in item 3 of the information page is subject to the following provisions:

A. "How This Insurance Applies," is amended to read as follows:

   A. How This Insurance Applies

   This employers' liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury means a physical injury, including resulting death.

   1. The bodily injury must arise out of and in the course of the injured employee's employment by you.
   2. The employment must be necessary or incidental to your work in California.
   3. Bodily injury by accident must occur during the policy period.
   4. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.
   5. If you are sued, the original suit and any related legal actions for damages for bodily injury by accident or by disease must be brought in the United States of America, its territories or possessions, or Canada.

C. The "Exclusions" section is modified as follows (all other exclusions in the "Exclusions" section remain as is):

   1. Exclusion 1 is amended to read as follows:
      1. liability assumed under a contract.
   2. Exclusion 2 is deleted.
   3. Exclusion 7 is amended to read as follows:
      7. damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, termination of employment, or any personnel practices, policies, acts or omissions.
   4. The following exclusions are added:
      1. bodily injury to any member of the flying crew of any aircraft.
      2. bodily injury to an employee when you are deprived of statutory or common law defenses or are subject to penalty because of your failure to secure your obligations under the workers' compensation law(s) applicable to you or otherwise fail to comply with that law.

DATE OF ISSUE: 12-01-09 ST ASSIGN: 

TRAVELERS

**WORKERS COMPENSATION
AND
EMPLOYERS LIABILITY POLICY**

**ENDORSEMENT WC 04 04 07 (00)**

POLICY NUMBER: (PACRUB-8931M54-A-09)

# PREMIUM ADJUSTMENT ENDORSEMENT—CALIFORNIA

We have the right to adjust the policy premium after issuance of the policy if the cost of providing the benefits required under the workers' compensation laws of California is affected by legislative or regulatory changes adopted after issuance of the policy. The amount of the adjustment will not exceed the change in the cost of providing the benefits as reflected in the pure premium rates approved by the Insurance Commissioner.

DATE OF ISSUE: 12-01-09 ST ASSIGN:



018799

TRAVELERS

**WORKERS COMPENSATION
AND
EMPLOYERS LIABILITY POLICY**

**ENDORSEMENT WC 04 06 01 (A)**

POLICY NUMBER: (PACRUB-8931M54-A-09)

# CALIFORNIA CANCELATION ENDORSEMENT

This endorsement applies only to the insurance provided by the policy because California is shown in Item 3.A. of the information page.

The cancelation condition in Part Six (Conditions) of the policy is replaced by these conditions:

**CANCELATION**

1. You may cancel this policy. You must mail or deliver advance written notice to us stating when the cancelation is to take effect.

2. We may cancel this policy for one or more of the following reasons:

   a. Non-payment of premium;
   b. Failure to report payroll;
   c. Failure to permit us to audit payroll as required by the terms of this policy or of a previous policy issued by us;
   d. Failure to pay any additional premium resulting from an audit of payroll required by the terms of this policy or any previous policy issued by us;
   e. Material misrepresentation made by you or your agent;
   f. Failure to cooperate with us in the investigation of a claim;
   g. Failure to comply with Federal or State safety orders;
   h. Failure to comply with written recommendations of our designated loss control representatives;
   i. The occurrence of a material change in the ownership of your business;
   j. The occurrence of any change in your business or operations that materially increases the hazard for frequency or severity of loss;
   k. The occurrence of any change in your business or operation that requires additional or different classification for premium calculation;
   l. The occurrence of any change in your business or operation which contemplates an activity excluded by our reinsurance treaties.

3. If we cancel your policy for any of the reasons listed in (a) through (f), we will give you 10 days advance written notice, stating when the cancelation is to take effect. Mailing that notice to you at your mailing address shown in Item 1 of the Information Page will be sufficient to prove notice. If we cancel your policy for any of the reasons listed in Items (g) through (l), we will give you 30 days advance written notice; however, we agree that in the event of cancelation and reissuance of a policy effective upon a material change in ownership or operations, notice will not be provided.

4. The policy period will end on the day and hour stated in the cancelation notice.

DATE OF ISSUE: 12-01-09 ST ASSIGN: 

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive, 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as: **DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING PAYMENT OF PRE-PETITION WORKERS' COMPENSATION INSURANCE PREMIUMS; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION IN SUPPORT THEREOF**_will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 21, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On July 21, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, onJuly 21, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Travelers: Mike Lynch – mlynch2@travelers.com
Mary Duffy Boardman, Esq. - mcduffybo@travelers.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 21, 2010 | Susan Connor | [signature] |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

NEF SERVICE LIST

- Gary O Caris gcaris@mckennalong.com, pcoates@mckennalong.com
- Kavita Gupta kgupta@winthropcouchot.com
- Michael J Hauser michael.hauser@usdoj.gov
- Garrick A Hollander sconnor@winthropcouchot.com
- Frederick C Phillips kathy@philaw.com
- Kirsten A Roe kroe@wthf.com, dfunsch@wthf.com **COUNSEL TO TRAVELERS**
- United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- Dennis J Wickham wickham@scmv.com
- Marc J Winthrop mwinthrop@winthropcouchot.com, pj@winthropcouchot.com

SERVICE BY OVERNIGHT DELIVERY

5th Avenue Partners, LLC
Attn: Tom Benjamin
4300 West Campus Dr., #214
Newport Beach, CA 92660

US Trustee's Office
Michael Hauser, Esq,
411 West Fourth St,, #9041
Santa Ana, CA 92701

***5th Avenue***
***20 Largest and Secured Creditors***
***Document No. 148354***

6/30/10 NEF
Travelers Casualty & Surety Co of America
c/o Watt, Tieder, Hoffar & Fitzgerald LLP
Kirsten A. Roe Worley, Esq.
2040 Main St., #300
Irvine. CA 92614

7/6/10 RSN/CrtManual
Townsend Lighting LLC
C. Townsend, Managing Member
2 Dominion Ct
Rancho Mirage, CA 92270

NEF &RSN 7/6/10
Highland Partnership, Inc.
c/o McKenna Long & Aldridge LLP
Gary Owen Carris, Esq.
300 S. Grand Ave., #1400
Los Angeles, CA 90071

7/19/10 RSN
ISEC, Inc.
c/o Muzi & Associates
Andrew C. Muzi, Esq.
1851 East First St., #1257
Santa Ana, CA 92705

RSN 7/20/10
Wirtz Tile & Stone, Inc.
c/o Phillips, Haskett & Ingwalson
Frederick C. Phillips, Esq.
701 "B" Street, #1190
San Diego, CA 92101

***20 largest***

Manatt Phelps & Phillips
Attn: Corporate Officer
695 Towne Ctr Dr., 14th Fl.
Costa Mesa, CA 92626

Raymond - San Diego
Attn: Corporate Officer
520 W. Walnut Avenue
Orange, CA 92868

California Comfort Sys USA
Attn: Corporate Officer
9750 Distribution Ave.
San Diego, CA 92121

Dynalectric Company
Attn: Corporate Officer
9505 Chesapeake Drive
San Diego, CA 92123

Jeffrey Trott Industries
Attn: Corporate Officer
1934 N. Enterprise Street
Orange, CA 92865

Rockwell Group
Attn: LeAnn Shelton, Esq.
5 Union Square West
New York, NY 10003

RW Smith
Attn: Corporate Officer
8555 Miralani Dr.
San Diego, CA 92126

Gabbard Hardware
Attn: Corporate Officer
13200 Kirkham Way, #102
Poway, CA 92064

Buxcon Sheet Metal Inc.
Attn: Corporate Officer
11222 Woodside Ave N.
Santee, CA 92071

Division 8
Attn: Corporate Officer
7850 North Avenue
Lemon Grove, CA 91945

ISEC
Attn: Corporate Officer
3888 Calle Fortunada
San Diego, CA 92123

ACE Parking
Attn: Corporate Officer
645 Ash Street
San Diego, CA 92101

Marsh Risk & Insurance Serv
Attn: Corporate Officer
4695 MacArthur Court, #700
Newport Beach, CA 92660

MJA Advertising
Attn: Corporate Officer
9440 Santa Monica Blvd.
Beverly Hills, CA 90210

Westye Group, dba Sub Zero Wolf
Attn: Corporate Officer
PO Box 100683
Pasadena, CA 91189

San Diego Gas & Electric
Attn: Corporate Officer
8326 Century Park Court
San Diego, CA 92123

Navigant Consulting
Attn: Corporate Officer
8105 Irvine Center Dr., #870
Irvine, CA 92618

GNS Management
Attn: Corporate Officer
3410 Main St.
San Diego, CA 92113

Wirtz Tile & Stone
Attn: Corporate Officer
7932 Armour Street
San Diego, CA 92111

Secured Creditors

WestLB AG
Attn: Corporate Officer
1211 Avenue of the Americas
New York, NY 10036

Sysco San Diego, Inc.
Attn: Corporate Officer
12180 Kirkham Rd.
Poway, CA 92064

Edward Don & Company
Attn: Corporate Officer
84 Stemmers Lane
Westampton, NJ 08060

The CIT Grp/Equip Finan Inc.
Attn: Corporate Officer
10201 Centurion Pkwy N
Jacksonville, FL 33256

Life Fitness
Attn: Corporate Officer
5100 N. River Road
Schiller Park, IL 60176

NEC Financial Services, LLC
Attn: Managing Member
1 Park 80 West
Saddle Brook, NJ 07663

Leasing Assoc of Barrington, Inc.
Attn: Corporate Officer
33 W. Higgins Rd., #1030
South Barrington, IL 60010