1  Ali M.M. Mojdehi, State Bar No. 123846
   Janet D. Gertz, State Bar No. 231172
2  Brian W. Byun, State Bar No. 264506
   **BAKER & McKENZIE LLP**
3  12544 High Bluff Drive, Third Floor
   San Diego, CA  92130-3051
4  Telephone: +1 858 523 6200
   Facsimile:  +1 858 259 8290
5
   Proposed Counsel for Creditors' Committee
6

7

8                   UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                        SANTA ANA DIVISION

11

   In re:                                    | Case No.  8:10-bk-18667-ES
12
                                               Chapter 11
13  5TH AVENUE PARTNERS, LLC,
    a California Limited Liability Company,   **LBR 9021(b)(3)(B) OBJECTION BY
14                                            CREDITORS' COMMITTEE TO
                          Debtor              DEBTOR'S _CONTESTED_ FORM OF
15                                            FINAL ORDER FOR (I) DEBTOR'S
                                              USE OF CASH COLLATERAL AND
16                                            (II) DEBTOR-IN-POSSESSION
                                              FINANCING AND OTHER RELATED
17                                            RELIEF**

18                                            **AND**

19                                            **COMMITTEE'S _ALTERNATIVE_
                                              FORM OF PROPOSED FINAL
20                                            ORDER FOR (I) DEBTOR'S USE OF
                                              CASH COLLATERAL AND (II)
21                                            DEBTOR-IN-POSSESSION
                                              FINANCING AND OTHER RELATED
22                                            RELIEF**

23                                            Hearing Date & Time
                                              Date:   November 3, 2010
24                                            Time:   9:30 a.m.
                                              Place:  Courtroom 5A
25                                                    411 West Fourth St.
                                                      Santa Ana, CA 92701
26

27  **TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE;**

28  **5TH AVENUE PARTNERS, LLC, DEBTOR AND DEBTOR IN POSSESSION; ITS**

Baker & McKenzie LLP
101 West Broadway,
Twelfth Floor
San Diego, CA  92101
+1 619 236 1441

CASE NO 8:10-BK-18667-ES
COMMITTEE' OBJECTION TO PROPOSED FORM OF FINAL ORDER APPROVING  CASH COLLATERAL AND DIP FINANCING G
SDODMS1/709771.1

1 | **COUNSEL OF RECORD; THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL**

2 | **OTHER PARTIES IN INTEREST:**

3 |     The Official Committee of Creditors (the "Committee") of the above-captioned debtor, 5th

4 | Avenue Partners, LLC (the "Debtor"), respectfully submits this Objection ("Objection") to (i) the

5 | Debtor's Proposed Form of Final Order for (I) Debtor's Use Of Cash Collateral And (II) Debtor-In-

6 | Possession Financing And Other Related Relief, pursuant to L.B.R. 9021-1(b)(3)(B) and hereby

7 | submits its Separate Objection to Proposed Order.  Pursuant to L.B.R., attached as **Exhibit "A"** is

8 | the Debtor's proposed order, which is the subject of the Objection; attached as **Exhibit "B"** is a copy

9 | of the Committee's proposed alternative form of order.   Also attached as **Exhibit "C"** is a blackline

10 | showing the differences between the form of order proposed by the Debtor and the form of order

11 | being proposed by the Committee.  In connection therewith, the Committee respectfully represents

12 | as follows:

13 | **I.      OBJECTION**

14 |     In summary, the Committee files this Objection to the Debtor's proposed form of order

15 | because the Debtor's proposed form of order does not comply with either this Court's directives

16 | made on the record at the November 3, 2010 hearing or with WestLB counsel's representations

17 | made on the record at the hearing.  Specifically, although counsel for WestLB repeatedly affirmed

18 | that there was no intent the cross-collateralize the bank's pre-petition liens with post-petition

19 | property, the form of proposed order submitted by the Debtor still provides for such.  The

20 | Committee has previously briefed in detail its objections to such  in the Objection to Debtor's

21 | Motion for Order Approving Post-Petition Secured Financing [See Docket Nos. 79, 177,  186, and

22 | 194.] Those arguments are not repeated here, but are instead incorporated by reference.

23 |     The Committee has endeavored to arrive at a consensual agreement regarding the disputed

24 | provisions in the proposed form of order, but has been unsuccessful.  Below is a brief summary of

25 | the clauses that are objectionable and have not been resolved between the Committee and WestLB

26 | and the Debtor.  In summary, the remaining discrepancies are as follows, with the references below

27 | to the page numbers of the Exhibit C (blackline version):

28 |

Baker & McKenzie LLP
101 West Broadway,
Twelfth Floor
San Diego, CA 92101
+1 619 236 1441

CASE NO 8:10-BK-18667-ES
COMMITTEE' OBJECTION TO PROPOSED FORM OF FINAL ORDER APPROVING  CASH COLLATERAL AND DIP FINANCING
SDODMS1/709771.1

1.  ***Section F (Page 4, line 18).*** The definition "WestLB Collateral" defines the scope of the *pre-petition* lien. To be consistent with the Court's rulings made on the record, and the affirmations by WestLB on the record (at which time the Bank's counsel affirmed that the order was intended to only place a lien on *unencumbered assets*) the definition must exclude Avoidance Actions and commercial tort claims that are unencumbered and must be expressly subject to the limitations of 11 U.S.C. § 552. To fail to include such limitations would result in cross-collateralization of the pre-petition lien with post-petition property.

2.  ***Section F (Page 4, line 28).*** The statement in this section must acknowledge the limitations on the scope of WestLB's pre-petition lien contained in Section E in order to be accurate.

3.  ***Section F (Page 5, Footnote 3).*** The defined term contained in this footnote is key to maintaining the integrity of the post petition property, which is not encumbered by WestLB's pre-petition lien. This footnote defines the scope of what post-petition property is excluded from the bank's pre-petition lien. The defined term "Services Revenues" is narrower than what is provided under Section 552. Moreover, the definition of "Services" contained in the Debtor's proposed order does not comport with the definition required by the Ninth Circuit. The Ninth Circuit defines the services not subject to a pre-petition more broadly. Also, under Section 552, post-petition unencumbered property is not limited to "services" but also includse other things, i.e., *any* proceeds of unencumbered assets. In order to ensure that there is no impermissible cross-collateralization, a pre-petition lien may not encumber post petition property, *except* as is permitted under Section 552. Moreover, WestLB counsel affirmed on the record that it was not disputing the law under Section 552. The Committee's Proposed Final Order thus changes the definition itself, but also replaces the defined term "Services Revenues" with the defined term "Post Petition Property" globally throughout the document.

4.  ***I.i (Page 6, line 12).*** Because the Post Petition Property belongs to the *Debtor*, no permission to use this property need be given. It is also error to suggest that the Cash Collateral "includes" the Post Petition Property, when it does not. This language should be deleted.

5.  ***I.iv (Page 7, line 22).*** This is not an accurate statement and therefore should be deleted. The Budget is not likely to be adequate to pay the fees of all professionals, particularly in light of the adversary proceeding regarding priority.

6.  ***I.v. (Page 8, line 7-9).*** The added language in this paragraph is necessary to clarify that the order is not to be construed to impair the rights of any persons to pursue state court stop notice litigation against the bank in connection with the Pre-Petition Indebtedness. If in fact there is no intent to try to limit such actions, this change should be very uncontroversial. Any limitation on pursuit of such rights would be against public policy in any event.

7.  ***Section 1 of Order (Page 9, line 15).*** Same comment as 4 above.

8.  ***Section 2 of Order (Page 9, line 16).*** Same comment as 4 above.

9.  ***Section 2 of Order (Page 9, line 19).*** The reference to the record is required to maintain clarity.

Baker & McKenzie LLP
101 West Broadway,
Twelfth Floor
San Diego, CA 92101
+1 619 236 1441

3

10. ***Section 5 of Order (Page 10, n.4)***.  The footnote is necessary to maintain clarity regarding the defined term, "DIP Obligations," that it does not sweep in any pre-petition indebtedness.

11. ***Section 6 of Order (Page 11, n.5).***  The addition of "commercial tort claims" is for consistency and accrues to the benefit of West LB.

12. ***Section 12 of Order (Page 13, line 9)***.  Same comment as 4 above.

13. ***Section 12 of Order (Page 13, lines 9-10).***  The use of Cash Collateral is separate and apart from the DIP Loan and should therefore be subject only to the Final Order and the Budget.

14. ***Section 12 of Order (Page 13, line 13).***  Same comment as 4 above.

15. ***Section 13 of Order (Page 13, line 19).***  The Pre-Petition Indebtedness does not receive adequate protection, as that would constitute cross-collateralization.  As such, the inclusion of the "WestLB Collateral" in this paragraphs on adequate protection is inappropriate here.

16. ***Section 13 of Order (Page 13, line 21).***  The Court was very clear on the record that it did not approve the granting of adequate protection for the bank's priming of *itself*.  The phrase "subordination to the DIP Liens" is therefore not consistent with this Court's direction and should be deleted.

17. ***Section 13 of Order (Page 13, line 21).***  The adequate protection granted for subordination to the Carve-Out should only relate to the carve-out for the Committee.  The bank should not receive adequate protection for its own counsel's legal fees and those of the Debtor's counsel, which benefit the bank.

18. ***Section 13 of Order (Page 13, line 24)***.  Same comment as 15 above.  This is an attempt to improperly cross-collateralize the pre-petition indebtedness, which the Court made clear it would not allow.

19. ***Section 13 of Order (Page 14, line 17).***  The addition of "Avoidance Actions" and "commercial tort claims" is for consistency, and accrues to West LB's benefit.

20. ***Section 27 of Order (Page 20, line 5).***  The Committee should be served with notice of the bank's professionals' fees, to provide it with a meaningful opportunity to review them.  Also, the Court required that the Bank's fees must be expressly subject to the Budget.

21. ***Section 28 of Order (Page 20, line 19).***  Consistent with the comments on the record that the indemnity related to the DIP Documents is too broad, the Debtor should not be required to indemnify the bank for the bank's own breach of the DIP Documents.

22. ***Section 28 of Order (Page 20, line 19)***.  The Court should retain the power to deny indemnity for WestLB's exercise of "discretionary rights" under the DIP Documents, which goes beyond the reasonable scope of an indemnity.

23. ***Section 28 of Order (Page 20, line 25-27)***.  The indemnity should contain a clarification that it is not intended to cover any Challenge, specifically one related to lien priority.  This

Baker & McKenzie LLP
101 West Broadway,
Twelfth Floor
San Diego, CA 92101
+1 619 236 1441

CASE NO 8:10-BK-18667-ES
COMMITTEE' OBJECTION TO PROPOSED FORM OF FINAL ORDER APPROVING CASH COLLATERAL AND DIP FINANCING
SDODMS1/709771.1

language was added in light of the comments on the record by Committee counsel that the DIP Documents purport to require the Debtor to indemnify the bank if the mechanics lienholders prevail on their priority complaint. [*See* DIP Loan Agreement Section 10.1(t) (filed as Exhibit 1 to Docket 169)]. The bank should be responsible for its own costs and expenses that are related to its failure to obtain priority vis-à-vis mechanics lienholders. It would be unconscionable to burden the estate with such an expense.

24. ***Section 32 of Order (Page 21, n.6).*** This is added for the same reason as stated at number 6 above. If in fact there is no intent to try to limit such actions, this change should be very uncontroversial. Any limitation on pursuit of stop notice rights would be against public policy in any event.

25. ***Section 37 of Order (Page 22, line 24).*** This has been redrafted to correct the inference that any secured party would need to "seek" the relief to credit bid, where the right is self-executing. The paragraph instead needs to make clear that it is not intended to limit either the right to credit bid or the exercise of that right.

## II.   CONCLUSION

The Committee respectfully requests that this Court would require the proposed Final Order to the amended as set forth above and that the Court would enter the Committee's Proposed Form of Final Order that is attached as the **Exhibit B** hereto.

Respectfully Submitted,

Dated: November 12, 2010                      BAKER & McKENZIE LLP


By: /s/ Ali M.M. Mojdehi
     Ali M.M Mojdehi
     Janet D. Gertz
     Brian W. Byun

Counsel for Creditors' Committee

Baker & McKenzie LLP
101 West Broadway,
Twelfth Floor
San Diego, CA 92101
+1 619 236 1441

CASE NO 8:10-BK-18667-ES
COMMITTEE' OBJECTION TO PROPOSED FORM OF FINAL ORDER APPROVING CASH COLLATERAL AND DIP FINANCING
SDODMS1/709771.1